IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ALLEN,

        Petitioner,

    v.

RICHARD IVES,

        Respondent.

Case No. 3:17-cv-00044-HZ

**OPINION AND ORDER**

**Elizabeth G. Daily**
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

**Billy J. Williams**
United States Attorney
District of Oregon
**Natalie K. Wight**
Assistance United States Attorney
United State's Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, Judge.

Petitioner is currently an inmate at the Federal Correctional Institution in Sheridan, Oregon. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, seeking the removal of his career offender sentencing enhancement and a new sentence. For the reasons set forth below, this case is dismissed for lack of jurisdiction.

## **BACKGROUND**

On September 5, 1997, Petitioner pleaded guilty to Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846, Carrying a Firearm in Connection with a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c), and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(c). Resp't Ex. 2 (ECF No. 19). At the time of sentencing, Petitioner had two prior convictions on his record that the sentencing court found qualified him for the "career offender" designation under the United States Sentencing Guidelines ("the guidelines"). The first qualifying prior conviction was for possession with intent to sell marijuana on November 30, 1989, based upon the sale of 34 bags of marijuana to undercover officers, in violation of Connecticut General Statute § 21a-277. Pet'r's Ex. A at 63-73; Resp't Ex. 2 at 21. The second qualifying prior conviction was for possession with intent to sell narcotics on December 13, 1989, based upon Petitioner's possession of 54 bags of cocaine at the time of his arrest, in violation of Connecticut General Statute § 21a-277. *Id*. He faced a statutory maximum of life imprisonment. *Id*. at 47. On April 20, 1998, the United States District Court for the District of Connecticut sentenced Petitioner to 262 months imprisonment on the conspiracy count, and an additional 60 months for the firearms counts, for a total of 322 months. *Id*. In 2003, the District of Connecticut denied Petitioner's § 2255 motion to vacate his sentence, and in 2005 the Second Circuit affirmed. Resp't Ex. 1 at 18-19; *Allen v.*

*United States*, Appeal No. 04-1232 (2d Cir. Nov. 1, 2005). Petitioner now seeks the removal of his career offender sentencing enhancement via a § 2241 petition.

## STANDARDS

It is well settled that "[a] motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement." *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012). The one exception, referred to as the "escape clause," provides that a federal prisoner may challenge the legality of his confinement under § 2241 (usually reserved for challenging the manner, location, or conditions of confinement) if his remedy under § 2255 is inadequate or ineffective. *Id.* at 818; *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). A §2255 remedy is "inadequate or ineffective" if a petitioner (1) makes a claim of actual innocence, and; (2) has not had an "unobstructed procedural shot" at presenting his claim. *Muth*, 676 F.3d at 819 (internal quotations omitted); *Marrero*, 682 F.3d at 1192. The fact that a petitioner is now procedurally barred[1] from raising a claim does not mean his §2255 remedy was "inadequate or ineffective." *Ivy v. Pontesso*, 328 F. 3d 1057, 1060 (9th Cir. 2003).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To establish actual innocence for the purposes of habeas relief, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotations omitted); *Marrero*, 682 F.3d at 1192-93. To

---

[1] A prisoner may not bring a second or successive § 2255 motion unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or, (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

determine whether a petitioner had an "unobstructed procedural shot to pursue his claim," this court considers two factors: "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first §2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first §2255 motion." *Harrison v. Ollison*, 519 F. 3d 952, 960 (9th Cir. 2008) (*quoting Ivy*, 328 F. 3d at 1061).

## DISCUSSION

Petitioner does not allege that he is factually innocent of the predicate felonies used to designate him as a "career offender" under the guidelines, nor does he contest the validity of his state convictions. Instead, he claims to be "actually innocent" of the career offender designation, itself. This argument has been squarely rejected by the Ninth Circuit as "purely legal" and having "nothing to do with factual innocence." *See Marrero v. Ives*, 682 F. 3d 1190, 1193-95 (9th Cir. 2012) (finding that incorrect designation as a career offender is a "purely legal" claim that has nothing to do with factual innocence, and is not cognizable for purposes of qualifying for §2255(e) escape hatch jurisdiction). [2] This Court's exercise of escape hatch jurisdiction in

---

[2] *See also Bradford v. Tamez (In re Bradford)*, 660 F.3d 226, 230 (5th Cir. 2011) (*per curiam*) ("[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*) ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."), *cert. denied*, 565 U.S. 1116 (2012*); Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008) (holding that actual innocence, under the escape hatch, is factual innocence of the crime of conviction); *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (noting that "[m]ost courts have required a credible allegation of actual innocence to access the savings clause" and holding that the petitioner failed to make such a showing where he did not claim actual innocence of the crime of conviction or allege that he was sentenced to a greater term of imprisonment than authorized by statute); *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of [the petitioner's] three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not

*Summers v. Feather*, 119 F. Supp. 3d 1284, 1290 (D. Or. 2015), where the government conceded that an improper sentence enhancement under the Armed Career Criminal Act ("ACCA") satisfied the actual innocence requirement, cannot save Petitioner from *Marerro*.

In summary, Petitioner cannot invoke this Court's jurisdiction under § 2241 because the law does not support concluding that he is "actually innocent" of the career offender designation used to enhance his sentence.

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED, and this proceeding is DISMISSED. The Court issues a Certificate of Appealability as to whether 28 U.S.C. § 2241 habeas corpus jurisdiction is appropriate.

IT IS SO ORDERED.

DATED this 7 day of December, 2017.

Marco A. Hernandez
U.S. District Judge

---

cognizable as a claim of actual innocence."); *Okereke v. United States*, 307 F.3d 117, 120–21 (3d Cir. 2002) (holding that the petitioner could not qualify for the escape hatch where he merely challenged his sentence and did not claim factual innocence of the crime of conviction); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (holding that petitioners cannot qualify for the escape hatch when they "do not argue innocence but instead challenge their sentences").